Mrs. Jessie SIEPERT et al., Appellants,

v.

Paula Raye BREWER, Appellee.

No. 7914.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 15, 1968.

Rehearing Denied Nov. 12, 1968.

Fred R. Brown, Brown, Brown & Bowen, Garland, Haskell Cooper, guardian ad litem, Dallas, for appellants.

Byron Falk, Akin, Vial, Hamilton, Koch, & Tubb, Dallas, for appellee.

CHADICK, Chief Justice.

According to pleadings, Leo Adolph Siepert suffered fatal injuries in an automobile collision at a street intersection in Garland, Texas. His widow, Mrs. Jessie Siepert, individually, and as representative of his estate and as next friend of Timothy Lande Siepert, and Jamie Lance Siepert, minor children of the deceased and Mrs. Siepert, instituted a suit for damages incurred by them as a result of the collision. The trial judge appointed a lawyer as guardian ad litem of the two minor parties. Mrs. Siepert and counsel for all parties to the suit entered into a compromise settlement and release of claims against the defendant and filed a written instrument evidencing the settlement and release among the papers of the case. The next to last and last paragraphs of the written instrument are in this language, to-wit:

"It is further understood and agreed that all costs of this suit shall be taxed against the defendant.

"Statements and representations contained herein are to be considered contractual in nature and not mere recitations of fact."

On the same day the agreement was filed the trial court heard evidence, approved the agreement, and pronounced judgment. Among the recitals of the judgment is this, to-wit:

"(5) That the Compromise Settlement Agreement here before entered into between the parties, and which is on file with the papers of this cause, is fair, just, reasonable and equitable and should be approved, and is hereby approved and made a part of the Judgment of this Court."

The decretal section of the judgment awarded Mrs. Siepert, and the two minors a recovery of $22,500.00 from the defendant, and apportioned it $15,000 to Mrs. Siepert, with $3,350.00 to each of the minors, and directed the sums awarded to the minors be paid into the registry of the court. Next following in the written judgment is this paragraph, to-wit:

"And it appearing to the Court that all sums herein have been paid by the Defendant, * * *, in accordance with the terms of this Judgment, and it further appearing to the Court that all costs of suit are being paid by the said Defendant, *with the exception of $500.00 of the Guardian ad litem fee which shall be paid out of the amounts awarded the two minors*, it is ORDERED that no execution issue herein, and the Defendant herein is hereby released and discharged from all liability on account of this Judgment and Judgment Lien."

The emphasized words were added by interlineation before entry of the judgment. Notice of appeal was given in behalf of the minor children, but the appeal was limited to the section of the judgment allowing a fee of $500.00 to the guardian ad litem to be paid out of the recovery adjudged to the two minors.

The precise question in this appeal is whether or not a section of the trial court's judgment ordering a part of the guardian ad litem's fee to be paid out of money adjudged to the minor children, as was done here, shall stand unrevised when good cause for such order is not stated on the record. Texas Rules of Civil Procedure 131 says: "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." Tex.R.Civ.P. 141 says: "The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules." The rules commit recovery of the costs to the sound discretion of the trial court in the first instance, with the safeguard that

his judgment be supported by good cause when costs are not adjudicated in harmony with Rule 131, and that such good cause be stated on the record.

■ A bill of exception was tendered with the record that showed on its face that it was actually made in a special proceeding that occurred more than 30 days after judgment was rendered and entered and after the trial court had lost jurisdiction of the case. The bill of exception was stricken on motion of appellants by order of the Court of Civil Appeals, Fifth Supreme Judicial District of Texas, before transfer while this appeal was pending in that court. This court agrees with and confirms such action. With the bill of exception stricken, examination of the entire record on appeal does not disclose that the cause is stated in it for ordering that a part of the fee allowed the guardian ad litem should be paid by the minor parties. Failure to comply with Rule 141 in this respect necessitates a correction of the judgment to bring it into compliance with Rule 131. Page v. Key, 175 S.W.2d 443 (Eastland Ct.Tex.Civ.App.1943, Ref'd. w.o.m.).

■ The appellee plausibly argues that there can be no "successful party" in a suit that is compromised and settled by the parties and terminated by an agreed judgment. This court has reached the conclusion that Rule 131 contemplates that the "successful party" to a suit is one who obtains a judgment of a competent court vindicating a claim of right, civil in nature. The appellee also asserts that "the burden is on appellants to show that the trial court had no good cause to adjudge the costs as he did in the case at bar". Two cases, Kunze v. Krueger, Tex.Civ.App., 30 S.W. 2d 385 (Galveston 1930, writ ref'd.), and Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66 (1920) are cited in support of the proposition. In each instance the cited cases are collateral attacks upon a judgment previously rendered in a separate action. Here the attack is direct; an appeal from the judgment of the trial court for the pur-

pose of revising such judgment. The cited cases are distinguishable and are not pertinent to the legal issues presented by this record.

■ That section of the judgment of the trial court ordering a part of the guardian ad litem fee paid out of the money recovered by the minors is reversed and judgment here rendered that all costs, including the guardian ad litem fee, in the trial court and in this court be paid by the appellee.