Mrs. Joe E. STEWART, Appellant,

v.

GROUP HEALTH & LIFE INSURANCE
COMPANY, Appellee.

No. 5730.

Court of Civil Appeals of Texas,
Waco.

Aug. 25, 1977.

**532**

Frank H. Pope, Jr., Law Offices of Yarborough & Pope, Inc., Bedford, for appellant.

Michael G. Mullen and Ace Pickens, Brown, Maroney, Rose, Baker & Barber, Austin, for appellee.

HALL, Justice.

This suit was brought for benefits provided by a certificate of life insurance under a group policy, plus 12% penalty and attorneys' fees under the provisions of V.A.T.S. Ins.Code, art. 3.62,[1] on the theory that although the insurer had tendered the full amount of life benefits payable, the tender was conditioned (and remained so after demand for unconditional payment) upon waiver of disability benefits also claimed by plaintiff to be due under another certificate in the group policy. After a trial without a jury, the court determined that the tender was unconditional, awarded the plaintiff the full amount of life benefits payable, denied the claims for 12% penalty and attorneys' fees, and taxed costs against the plaintiff. Plaintiff appeals. We affirm.

At the time of his death, Joe E. Stewart was an insured under two certificates numbered 3474623 and 3475937 in group insurance policy number 22361 issued by defendant, Group Health & Life Insurance Company. Certificate number 3474623 provided certain monthly disability benefits and certificate number 3475937 provided life insurance in the amount of $9,000. Plaintiff is the insured's widow, and was the named beneficiary in the certificate of life insurance. After the insured's death, defendant disputed plaintiff's claim for survivor's benefits under the disability policy, but it did not dispute its obligation to pay plaintiff the face amount of the life insurance certificate. Appellant employed legal counsel and filed suit for the disability benefits she claimed. Soon thereafter, while the suit for disability benefits was pending, defendant sent plaintiff its check payable to her in the amount of $9,000. The back of the check contained this language:

### RECEIPT AND ENDORSEMENT

Received of Group Life and Health Insurance Company of Dallas, Texas, the within amount in full settlement of all claims under policy no. 22361 and any contract issued supplemental thereto on the life of Joe E. Stewart.

The stub attached to the check contained this language:

### IN PAYMENT FOR OR ACCOUNT OF

In full settlement of all claims and obligations, including any supplemental contracts under policy # 22361, certificate # 3475937 on the life of Joe E. Stewart.

Plaintiff did not cash the check.

After plaintiff received the check, her attorney mailed a letter to defendant which referred to "Life Insurance Policy No. 22361, Insured: Joe E. Stewart," and contained only one sentence, reading, "Please treat this letter as our demand for *unconditional* payment of the benefits under the above-captioned policy." Defendant did not respond to the letter, and, more than 30 days after it was received by defendant, plaintiff brought this suit.

---

1. Art. 3.62. Delay In Payment Of Losses; Penalty For. In all cases where a loss occurs and the life insurance company . . . liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve (12%) per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss . . .

■ The record contains both a statement of facts and findings of fact filed by the trial court. The language on the back of the defendant's $9,000 check is not contained in the statement of facts either as an exhibit or in the form of oral testimony. It is before us only in the form of a finding of fact. Defendant argues that we cannot consider the statement because the finding is not supported by any evidence, but defendant did not raise this question by cross-point. In support of its argument, defendant cites the familiar rule that "findings of fact are binding on the appellate court only if supported by evidence of probative force." This rule presumes the finding was properly questioned. Where a statement of facts is a party of the appellate record, findings of fact filed by the trial court may be challenged as being without sufficient legal or factual support in the evidence. However, this question must be raised by proper assignment of error, else it is waived. *Curtis v. National Cash Register Co.*, 429 S.W.2d 909, 911 (Tex.Civ.App.—Amarillo 1968, writ ref'd n. r. e.); *Kroger Company v. Warren*, 420 S.W.2d 218, 221 (Tex.Civ.App.—Houston [1st Dist.] 1967, no writ). Because defendant's complaint as to the finding in question is not supported by a proper assignment, it is waived.

Plaintiff contends that by reason of the language on the check and the check stub she "would have cut off her collateral claim for survivor's benefits" if she had endorsed and negotiated the check, and that the tender of the $9,000 actually owed to her was therefore conditional. We disagree.

The evidence shows that the group policy number 22361 is the group number only for insureds who are employees of Texas Tech University; that the insured was employed at Texas Tech for many years prior to his death; that an insured under this group number can secure either life insurance or disability insurance, or both; that premiums are charged separately under a life insurance certificate and a disability insurance certificate; that such "certificates" are actually separate policies under the same group number; that plaintiff and the insured always considered the certificates as separate policies of insurance, one for life insurance and one for disability benefits; that the insured had received disability benefits under certificate number 3474623 for about four years prior to his death; that under the life insurance policy, supplemental benefits in the form of accidental death and dismemberment benefits are available to an insured if desired; that these are the supplemental contracts referred to in the release endorsement placed on the check and stub; that the language used in the release is "standard" and is placed on every life check when supplemental benefits are not due the payee; and that such supplemental benefits were not due to plaintiff in this case.

■ Neither the language on the check nor the language on the stub is controlling over the other. These instruments were executed at the same time, for the same purpose, and in the course of a single transaction. When issued by defendant and received by plaintiff they were in fact one instrument. They must be considered as though they are a single instrument. *Pacific Mutual Life Ins. Co. v. Westglen Park, Inc.*, 160 Tex. 1, 325 S.W.2d 113, 116 (1959); *Board of Ins. Com'rs v. Great Southern Life Ins. Co.*, 150 Tex. 258, 239 S.W.2d 803, 809 (1951). When this is done, there is no ambiguity nor conflict in the language on the check and the stub. Together, and especially in the light of the circumstances between the parties under which they were issued, they show without question that plaintiff was called upon to receipt only for full settlement of all claims under certificate # 3475937 of the group policy, which dealt solely with life insurance for which plaintiff was receiving full payment. The statements on the instruments refer directly to the life insurance certificate by number, do not refer to the disability insurance certificate, and cannot reasonably be construed as including a release for disability benefits. If plaintiff had cashed the check defendant could not have successfully contended that she had by reason of the endorsement settled her claim for disability benefits.

534

Plaintiff asserts that because she was entitled to recover and did recover the $9,000 life insurance benefits, the court erred in assessing costs against her. This contention is overruled.

■ Rule 131, Vernon's Tex.Rules Civ. Proc., provides, "The successful party to a suit shall recover of his adversary all costs incurred therein . . ." The term "successful party" used in this rule means "one who obtains a judgment of a competent court vindicating a claim of right, civil in nature." *Siepert v. Brewer*, 433 S.W.2d 773, 775 (Tex.Civ.App.—Texarkana 1968, writ ref'd n. r. e.).

■ Defendant has never disputed its obligation to pay plaintiff the $9,000 life benefits. That obligation was not in issue in this case. The questions were whether plaintiff was required to bring suit to compel an unconditional payment of the $9,000 after demand, and whether plaintiff was entitled to recover 12% penalty and attorneys' fees. Plaintiff was not the successful party on either question. Defendant succeeded on both.

The judgment is affirmed.