Thomas L. TATE et al., Appellants,

v.

Joe D. WIGGINS et al., Appellees.

No. 6018.

Court of Civil Appeals of Texas, Waco.

May 24, 1979.

Rehearing Dismissed for Want of Jurisdiction June 28, 1979.

Thomas W. George and Randy P. Parker, Mitchell, George & Belt, Austin, for appellants.

J. Ritchie Field, Crews & Field, Conroe, for appellees.

HALL, Justice.

The plaintiffs-appellants in this case are Thomas L. Tate, David Earl Crow, Homer Crow, W. B. Jennings, John V. Smith, James M. Pinder, Johnny Brewer, T. H. Carter, Lorraine Voss, T. J. Tutor, and W. W. Tutor. The defendants-appellees are Joe D. Wiggins, Russell Wiggins, N. K. Dillon and Wiggins Enterprises.

The suit was filed originally in December, 1976, by the first five plaintiffs listed above. The other six, which included the plaintiffs T. J. Tutor and W. W. Tutor, joined the suit in February, 1978.

Plaintiffs alleged that defendants were the developers and sellers of lots in a subdivision of land known as the Cade Lake Estates located in Burleson County, Texas; that plaintiffs were individual purchasers of lots in the subdivision from defendants; that during the parties' negotiations defendants made fourteen specified promises and warranties relating to the improvements and conditions of the subdivision which materially induced plaintiffs' purchases of the lots; and that the promises and warranties were false, misleading, and deceptive, and breached by defendants.

Among other remedies, plaintiffs sought recovery of actual and exemplary damages and attorneys' fees under the Deceptive Trade Practices—Consumer Protection Act, V.T.C.A., Bus. & C. § 17.41 et seq.; and recovery of damages for breach of contract, or, alternatively specific performance of the breached warranties. Their individually-listed actual damages for the asserted deceptive trade practices, which they alleged under the Act should be trebled, ranged from $15,897.00 to $25,655.00. Individual damages for breach of contract ranged from $897.00 to $10,655.00. Each sought recovery of attorneys' fees in the amount of $10,000.00 for the trial of his case.

Among other defenses, defendants alleged that plaintiffs should not recover under the Deceptive Trade Practices Act because defendants "had no written notice of the various Plaintiffs' complaints before this suit was filed."

The case was tried to a jury. The only findings made by the jury which would support a recovery by any of the plaintiffs under the Deceptive Trade Practices Act were the findings that defendants represented to plaintiffs T. J. Tutor and W. W. Tutor that brush would be cleared from the surface of the lakes as part of the development of the subdivision; that the representation was false, misleading, or deceptive; that the misrepresentation resulted "in material inconvenience or financial loss" to the Tutors; that $1,400.00 would reasonably compensate W. W. Tutor, and $1,000.00 would reasonably compensate T. J. Tutor; and that $14,500.00 "would reasonably compensate Plaintiffs' attorneys [for the] preparation and trial of this case." Related to those awards of damages under the Deceptive Trade Practices Act, the jury also found that defendants did not have written notice of T. J. Tutor's complaints "Before this suit was filed," but failed to find that defendants did not have written notice of W. W. Tutor's complaints. The jury also awarded each of those two plaintiffs $500.00 for exemplary damages.

Related to plaintiffs' action for breach of contract by defendants, the jury found that defendants represented and promised that the subdivision would have the following improvements and characteristics; that the promises were material and induced plaintiffs' purchases of the lots; and that defendants failed to perform the promises:

1. A private area for the use of lot owners and designated guests would be provided in Cade Lake Estates.

2. A park for the use of lot owners and designated guests would be provided in Cade Lake Estates.

3. A park having picnic tables and barbecue pits would be provided in Cade Lake Estates.

4. A sand beach along the shore of the lake swimming area would be provided in Cade Lake Estates.

5. One or more boat ramp or boat launch facilities would be constructed as part of the development of Cade Lake Estates.

6. The brush would be cleared from the surface of the lakes as part of the development of Cade Lake Estates.

However, the jury failed to find that the defendants' failure to fulfill those covenants resulted in injury to any of the plaintiffs.

The verdict was received by the court. Thereafter, plaintiffs moved for judgment on the verdict. To the extent pertinent to this appeal, plaintiff sought the following recoveries in the motion: $4,200.00 for W. W. Tutor and $3,000.00 for T. J. Tutor, being for each three times the actual damages awarded him by the jury; $500.00 each for exemplary damages as found by the jury; attorneys' fees in the amount of $14,-500.00 allowed by the jury; an order requiring defendants to specifically perform the breached covenants relating to the six improvements and characteristics set forth above; and for court costs.

Defendants did not file any prejudgment motions.

Eventually, the following judgment was rendered by the court: W. W. Tutor was awarded a recovery of $1,900.00 (being his actual damages of $1,400.00 plus $500.00 exemplary damages) and his court costs; T. J. Tutor was awarded $1,500.00 (being his actual damages of $1,000.00 plus $500.00 exemplary damages) and his court costs; an award for attorneys' fees was expressly denied; court costs were assessed in favor of defendants against all plaintiffs except the Tutors; and no other relief was allowed any of the parties.

No post-judgment motion was filed by any party.

Plaintiffs brought this appeal. Defendants do not seek affirmative relief on appeal. Plaintiffs make these contentions:

1. Under the provisions of § 18.50 of the Deceptive Trade Practices Act the court should have trebled the actual damages awarded by the jury to W. W. Tutor and T. J. Tutor;

2. Under the provisions of Rule 301, Vernon's Tex. Rules Civ.Proc., the court should have awarded plaintiffs judgment for the attorneys' fees found by the jury;

3. The court should have ordered specific performance of the covenants the jury found defendants breached; and,

4. Under the provisions of Rule 131, Vernon's Tex. Rules Civ.Proc., court costs should have been awarded to all plaintiffs.

Excepting the evidence relating to attorneys' fees, the record is before us without a statement of facts.

treble damages and attorneys' fees

■ It is provided in § 17.50(b)(1) of the Deceptive Trade Practices Act that a plaintiff who prevails under the Act "may obtain: three times the amount of actual damages plus court costs and attorneys' fees reasonable in relation to the amount of work expended." § 17.50A, which became effective May 23, 1977, limits the plaintiff's damages under certain circumstances and reads in part as follows: "In an action brought under this [Act], actual damages only and attorney's fees reasonable in relation to the amount of work expended and

court costs may be awarded where the defendant: . . . (2) proves that he had no written notice of the consumer's complaint before suit was filed." In the case of *Woods v. Littleton*, (Tex.1977) 554 S.W.2d 662, 671, our Supreme Court construed § 17.50(b)(1) to require the plaintiff's actual damages to be trebled absent proof of any defensive circumstance provided in § 17.-50A. As we stated earlier, the plaintiffs W. W. Tutor and T. J. Tutor did not file their action in this case until February, 1978, and it was therefore subject to the provisions of § 17.50A. The jury found that defendants did not have written notice of T. J. Tutor's complaint before the Tutors' suit was filed, but failed to find that defendants did not have written notice of W. W. Tutor's complaints. Under those findings and §§ 17.-50(b)(1) and 17.50A of the Act, W. W. Tutor is entitled to treble damages, but T. J. Tutor is not. Accordingly, the trial court erred in failing to treble W. W. Tutor's actual damages.

■ We hold also that the court erred in disregarding the jury's award of $14,500.00 for attorneys' fees. Under § 17.50(b)(1) of the Act, supra, the award of attorneys' fees was an additional, material element of the Tutors' damages which they were entitled to recover in connection with their recoveries of actual damages. The reason assigned in the judgment for disregarding the award was that "it would seem improper" to allow attorneys' fees because only two of the plaintiffs were awarded damages by the jury and those awards were for "mere fractions of the amounts sought."

Rule 300, Vernon's Tex. Rules Civ.Proc. provides that, "Where a special verdict is rendered . . . the court shall render judgment thereon unless set aside or a new trial is granted, or judgment is rendered notwithstanding verdict or jury finding under these rules." Rule 301 requires the trial court to conform its judgment "to the pleadings, the nature of the case proved and the verdict," and "give the party all the relief to which he may be entitled either in law or equity." However, the rule contains the proviso that "upon motion and reasona-

ble notice" the court may render judgment notwithstanding the verdict if a directed verdict would have been proper or may disregard any jury finding that has no support in the evidence.

Defendants do not contend the jury's finding on attorneys' fees is in irreconcilable conflict with another finding, and it is not. Under Rules 300 and 301, without a successful prejudgment motion to disregard the finding, it was the court's ministerial duty to render judgment on the finding in favor of the two prevailing plaintiffs and the matter involved no judicial or discretionary powers. *Traywick v. Goodrich*, (Tex.1963) 364 S.W.2d 190, 191; *Hines v. Parks*, 128 Tex. 289, 96 S.W.2d 970, 972 (1936). Stated another way, under the record the court "ha[d] no arbitrary right to refuse to enter judgment on a verdict which constitutes a finding on all the facts tendered in the pleadings necessary to the rendition of judgment." *Cortimeglia v. Davis*, 116 Tex. 412, 292 S.W. 875, 876 (1927).

specific performance

■ Plaintiffs assert that in view of the jury's unchallenged findings that defendants breached their promises to provide the subdivision improvements and that the covenants were material to the parties' contracts, plaintiffs are entitled as a matter of law under Rules 300 and 301 to an order requiring defendants to perform the covenants. We disagree.

The remedy of specific performance is equitable in nature and is governed by the principles of equity. A party suing for specific performance of a contract is not entitled to the relief as a matter of right. The granting or withholding of the relief rests in the sound discretion of the court under all the circumstances of the case. *Steves v. United Services Automobile Association*, 459 S.W.2d 930, 932, 937 (Tex.Civ. App.—Beaumont 1970, writ ref'd n. r. e.); *Ferguson v. von Seggern*, 434 S.W.2d 380, 384 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.).

As we have said, plaintiffs brought forward only a partial statement of facts. Without a complete statement of facts we

cannot know the equities in the case which may relate to plaintiffs' plea for specific performance, and therefore we cannot hold the court abused its discretion as a matter of law in failing to grant the relief. *Schroeder v. Brandon,* 141 Tex. 319, 172 S.W.2d 488, 491 (1943).

#### court costs

█ Rule 131, Vernon's Tex. Rules Civ. Proc. provides, "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided."

Plaintiffs other than the Tutors argue that although they did not obtain jury findings sufficient to support a judgment in their favor, they were nevertheless "successful parties" within the meaning of Rule 131, because they did secure several favorable findings of deceptive acts and practices and breaches of contract by defendants; and that, accordingly, the court erred in failing to award them costs of court. We reject that argument. The term "successful party" as used in Rule 131 means "one who obtains a judgment of a competent court vindicating a claim of right, civil in nature." *Siepert v. Brewer,* 433 S.W.2d 773, 775 (Tex.Civ.App.—Texarkana 1968, writ ref'd n. r. e.); *Stewart v. Group Health & Life Ins. Co.,* 555 S.W.2d 531, 534 (Tex. Civ.App.—Waco 1977, no writ).

The judgment is modified to provide that W. W. Tutor shall recover $4,700.00 for his damages from defendants, and that in addition to their respective damages of $4,700.00 and $1,500.00 the Tutors shall also recover $14,500.00 attorneys' fees from defendants. In all other particulars the judgment is affirmed.

Costs of this appeal are assessed against defendants.