Marshall G. COCHRAN, Petitioner,

v.

AMERICAN SAVINGS AND LOAN
ASSOCIATION OF HOUSTON,
Respondent.

No. B–7892.

Supreme Court of Texas.

July 11, 1979.

Rehearing Denied Oct. 17, 1979.

Reynolds, Allen & Cook, Stanley B. Binion, Houston, for petitioner.

Butler, Binion, Rice, Cook & Knapp, Jonathan S. Day and William J. Moran, Houston, for respondent.

## ON MOTION FOR REHEARING

PER CURIAM.

This is a usury action in which Marshall Cochran sued American Savings and Loan Association seeking to recover statutory penalties under Texas Revised Civil Statutes Annotated article 5069–1.06. American Savings denied the allegations of usury and counterclaimed for a deficiency judgment. After a jury trial, the court rendered judgment that Cochran take nothing and American Savings recover its deficiency. The court of civil appeals reversed the judgment and remanded the cause to the trial court in its entirety in the interest of justice. 568 S.W.2d 672.

We agree with the holding of the court of civil appeals that the jury's responses to the issues concerning American's intent to obtain interest in excess of ten percent are immaterial. Intent in usury cases does not mean intent to charge a usurious rate of interest. Rather, it means intent to make the bargain made. *Miller v. First State Bank,* 551 S.W.2d 89 (Tex.Civ. App.—Fort Worth 1977), *aff'd as modified, First State Bank of Bedford v. Miller,* 563 S.W.2d 572 (Tex.1978). The subjective intent of the lender is irrelevant if, in fact, the lender has contracted for, charged or received interest on a loan in excess of the maximum permitted by law. To avoid the penalties imposed by article 5069–1.06, the lender is required to plead, prove, and obtain a finding that his contract for, charge or receipt of usury was a result of accidental and bona fide error.

Having found error in the trial court judgment, the court of civil appeals is authorized, in a proper case, under Rule 434, Texas Rules of Civil Procedure, to remand the cause in the interest of justice. *Morrow v. Shotwell,* 477 S.W.2d 538 (Tex.1972); *Scott v. Liebman,* 404 S.W.2d 288 (Tex. 1966). Rule 434, however, further provides "if it appears to the court that the error affects a part only of the matter in controversy and that such part is clearly separable without unfairness to the parties, the judgment shall only be reversed and a new trial ordered as to that part affected by such error . . .."

This cause of action was submitted to the jury on fifty-four special issues involving both the usury allegations raised by Cochran and fraud/misrepresentation allegations raised by American Savings. The error asserted on appeal involves issues which concern only the usury allegations raised by Cochran. We view the usury issues as clearly separable from the fraud/misrepresentation issues. The trial upon remand should not include a retrial of the fraud issues which have already once been fairly tried.

Pursuant to Rule 483, Texas Rules of Civil Procedure, we grant Cochran's application for writ of error on motion for rehearing and, without hearing oral argument, reform the judgment of the court of civil appeals to remand the cause to the trial court for a retrial of the issues other than the fraud issues. As reformed, the judgment of the court of civil appeals is affirmed.