AVIA JET MANAGEMENT CORP., Appellant,

v.

AEROPLACE SERVICE, INC., Appellee.

No. 1492.

Court of Appeals of Texas, Tyler.

Nov. 30, 1981.

Bruce E. Longenecker, B. Prater Monning, III, Dallas, for appellant.

Robert Benson, Dallas, for appellee.

McKAY, Justice.

Our former opinion in this cause is withdrawn and the following opinion substituted therefor.

Aeroplace Service, Inc. (Aeroplace) sued Avia Jet Management Corporation (Avia Jet) on a sworn account for services rendered and materials furnished in connection with repairs to an airplane. Avia Jet filed a sworn denial, claimed usury, and then brought a third party action over against Harold Collum (Collum), owner of the airplane, alleging Collum was exclusively responsible for maintenance and repair of the airplane.

In a bench trial, judgment was in favor of Aeroplace against Avia Jet for $8,088.54, and in favor of Avia Jet over against Collum for contribution to the extent of one-half of the judgment rendered in favor of Aeroplace.

By their third point Avia Jet and Collum assert that the trial court erred in rendering judgment for Aeroplace upon the account because the evidence was factually insufficient that Avia Jet or Collum agreed to any amounts set forth in the account, or that the charges set out in the account were usual, customary, or reasonable. We sustain this point.

The only witness who testified was John Johnson, Vice President of Aeroplace. He identified documents designated as repair orders, a labor credit, a work order, and "a copy of a statement mailed to or sent to Avia Jet." He testified that Exhibit One accurately represented all the parts and labor which Aeroplace furnished to the airplane, and that Exhibit Two accurately reflected the parts and labor that were furnished to the Cessna aircraft. Exhibit Four contained the phrase "Service charge on unpaid balance—July charges 98.83, August charges 100.31—Total Service charge 199.-14." Johnson testified that this notation represented "charges that's been made because the bill has not been received," and that it does not represent any work done on the plane. He said that when a statement was sent to Avia Jet for all the charges, the service charges were omitted. Aeroplace had not received any payment on the account.

There is no testimony or other evidence that the amount of the account is just, or that the prices charged are in accord with an agreement, or if there was no agreement, that they are usual, customary, or reasonable charges for the labor and material or parts furnished. The sworn account of Aeroplace having been answered with an appropriate sworn denial, it was incumbent upon Aeroplace to prove the essential elements of its case; i.e., that the labor and parts were furnished to the airplane, and that the amount of the account is just, or in accord with an agreement, or that, in the

absence of an agreement, the prices charged are the usual, customary or reasonable for such labor and parts. No such proof was made or offered, and, in our view, this failure of proof necessitates reversal of the trial court's judgment. *Steves Sash & Door Co. v. WBH Int'l*, 575 S.W.2d 355, 356 (Tex.Civ.App.—San Antonio 1978, no writ); *Marr v. Craddock*, 406 S.W.2d 278, 280 (Tex.Civ.App.—Tyler 1966, no writ); *Opryshek v. McKesson & Robbins, Inc.*, 367 S.W.2d 357, 358–59 (Tex.Civ.App.—Dallas 1963, no writ).

■ Appellant's point four contends that Avia Jet's counterclaim was established as a matter of law. We agree with this contention. An issue was raised by the pleadings and the evidence whether Aeroplace had charged Avia Jet interest in excess of the legal rate. The trial court rendered a take nothing judgment against Avia Jet on its counterclaim for usury, and found that Aeroplace did not collect from nor charge any interest to Avia Jet. The finding that no interest was charged is contrary to the record. There is attached to Aeroplace's original petition an exhibit (exhibit 4) upon which is written "Service charge on unpaid balance—July charges 98.83, August charges 100.31," and at the bottom of the exhibit "Service charge 199.14." The amended petition of Aeroplace also had the service charge exhibit attached to it, and exhibits 1, 2, 3 and 4 had printed on them" an additional charge of 1½% per month will be added to all past due balances." We hold that the above quoted language and the listing on exhibit 4 of the amount of $199.14 as interest constituted a charge as set out in Art. 5069–1.06, Tex.Rev.Civ.Stat. Ann. *Windhorst v. Adcock Pipe and Supply*, 547 S.W.2d 260, 261 (Tex.1977); *Nationwide Financial Corporation v. English*, 604 S.W.2d 458, 461 (Tex.Civ.App.—Tyler 1980, writ granted); *Hagar v. Williams*, 593 S.W.2d 783, 788 (Tex.Civ.App.—Amarillo 1979, no writ); *General Motors Acceptance Corp. v. Uresti*, 553 S.W.2d 660, 663 (Tex. Civ.App.—Tyler 1977, writ ref'd n.r.e.).

We hold that Avia Jet is entitled to judgment on its counterclaim of twice the amount of usurious interest charged by Aeroplace.

Judgment of the trial court is reversed and judgment is here rendered that Aeroplace take nothing against Avia Jet, and that Avia Jet recover of and from Aeroplace the sum of $398.28.