**DAVIS MASONRY, INC., Petitioner,**

v.

**B–F–W CONSTRUCTION CO.,
INC., Respondent.**

**No. C–788.**

Supreme Court of Texas.

May 12, 1982.

Rehearing Denied June 30, 1982.

Milner & Smith, Peter R. Meeker, Austin, for petitioner.

Douglass D. Hearne and Associates, Austin, for respondent.

PER CURIAM.

B–F–W Construction Company sued Davis Masonry, Inc. for breach of a construction subcontract. B–F–W seeks the cost of remedying the defective work and cost of completing the contract. B–F–W also seeks attorneys' fees. The subcontract provides:

> If contractor shall employ an attorney to enforce any provision of this subcontract, or to defend any suit instituted by subcontractor ..., subcontractor shall, if contractor prevails, pay to contractor the amount of its reasonable attorneys' fees and costs and expenses....

Davis answered by general denial and counterclaimed alleging it was prevented by B–F–W from completing the contract. Davis sought to recover the amount unpaid under the contract, or alternatively in quantum meruit.

Nine days after trial began, Davis filed a trial amendment seeking the amount unpaid under the contract, less the reasonable cost to B–F–W to finish the contract, plus its attorneys' fees.

The jury found the cost of completing the contract and the reasonable attorneys' fees of both parties. The trial court, based on the jury verdict, rendered judgment for B–F–W for cost of completing of the contract and attorneys' fees. The trial court denied attorneys' fees to Davis. The court of civil appeals affirmed the trial court judgment. It held B–F–W was the prevailing party. 622 S.W.2d 144.

The judgment of the trial court was rendered for B–F–W on its pleadings. Having prevailed, B–F–W was entitled to recover attorneys' fees and court costs under the subcontract. Judgment was not rendered for Davis on its counterclaim; therefore, it could not recover attorneys' fees under Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp. 1982–83).

The application for writ of error is refused, no reversible error. This action does not indicate our agreement with the overbroad statement of the court of civil appeals that "what the parties sought must be determined from the state of the pleadings at the time trial commenced and not nine days thereafter."