Thomas ESPARZA, Jr., Appellant,

v.

NOLAN WELLS COMMUNICATIONS, INC., d/b/a International Publishing Co., Appellee.

No. 13564.

Court of Appeals of Texas, Austin.

April 13, 1983.

Rehearing Denied June 1, 1983.

Thomas L. Koller, Greenstein & Koller, Austin, for appellant.

James Arnold, Jr., Austin, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

POWERS, Justice.

Thomas Esparza, Jr. appeals a trial court judgment that he take nothing by his counterclaim against appellee, Nolan Wells Communications, Inc., wherein he brought the statutory cause of action for usury authorized by Tex.Rev.Civ.Stat.Ann. art. 5069–1.06 (1971 and Supp.1982).

Appellee sued appellant for a trade-account debt arising from the sale of goods and services to appellant. Trial was before a jury and based upon their answers to special issues the trial court ordered that appellant take nothing by his counterclaim and awarded appellee judgment for its debt as follows:

| | |
|---|---|
| Principal | $ 1,790.55 |
| Pre-judgment interest | 96.46 |
| Attorneys fees [1] | 6,000.00 |
| Total | $ 7,887.01 |

The present appeal encompasses only appellant's counterclaim for the forfeitures authorized by art. 5069–1.06. That statute provides as follows:

(1) Any person who ... charges ... interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor three times the amount of usurious interest ... charged ..., such usurious interest being the amount the total interest ... charged ... exceeds the amount of interest allowed by law, and reasonable attorney fees fixed by the court except that in no event shall the amount forfeited be less than Two Thousand Dollars or twenty percent of the principal, whichever is the smaller sum; provided, that there shall be no penalty for any usurious interest which results from an accidental and bona fide error.

(2) Any person who ... charges ... interest which is in excess of double the amount of interest allowed by this Subtitle shall forfeit as an additional penalty, all principal as well as interest and all other charges and shall pay reasonable attorney fees set by the court; ...

There being no agreement between the parties as to interest, the maximum legal rate in the circumstances was six percent per annum commencing on the thirtieth (30th) day from and after the time when the sum became due and payable. Tex.Rev.Civ.Stat. Ann. art. 5069–1.03 (Supp.1982).

The evidence adduced at trial shows the following: Appellee, a corporation, operates a small concern which supplies printing and word processing services and related supplies and equipment. A Mr. Robinson was employed by appellee to work as a salesman and office assistant. The president of the corporation was Mr. Wells. Mr. Wells had a heart attack and Mr. Robinson took over some additional duties previously performed by Mr. Wells. Mr. Robinson became anxious about appellant's failure timely to pay his trade-account debt and his failure to return Mr. Robinson's telephone calls. At the time, appellant had in his possession equipment belonging to appellee. Appellee's policy and practice was that all matters of credit and billing and collecting trade account debts were performed or approved by Mr. Wells, and such matters were required to be "routed" to him for "clearance" before they were communicated to a customer. Nevertheless, without Mr. Wells' knowledge or authorization, Mr. Robinson prepared and mailed to appellant the following notice dated June 16, 1980:

To All Customers:

Effective June 1, 1980, all past due accounts are charged 1.75% interest on unpaid balance.

We regret having to do this, but due to increased costs of doing business, it has become necessary.

The notice was mailed only to appellant and no other customer, notwithstanding its appearance to the contrary. Mr. Robinson did

1. The total sum of attorney's fees, that is, $6,000.00, is required by the trial court judgment to be reduced by $1,500.00 if appeal is not taken to the Court of Appeals and $1,500.00 if further appellate review is not taken to the Supreme Court of Texas.

not intend actually to collect any sum as interest, but mailed the notice with the intended effect of causing appellant to communicate with appellee about his delinquent account. Appellant did not respond. In July 1980, Mr. Robinson succeeded in contacting appellant personally and discussed with him the delinquent account. They reached no agreement about payment. In August 1980, Mr. Wells, who did not know of the previous notice mailed to appellant by Mr. Robinson, requested that an attorney mail a demand letter to appellant. This was done. The demand letter did not include any interest charge but demanded only the principal sums owing by appellant, which debt appellant did not contest at trial. After receiving the demand letter, appellant paid $100.00 on the account and requested forebearance with respect to the remainder of the debt. He made no mention of the notice of June 6, 1980 or of any interest claimed on the debt. In September 1980, Mr. Robinson prepared and mailed to appellant the following "Statement of Account," dated September 9, 1980:

| Date | Invoice Number | Credit | Balance |
| --- | --- | --- | --- |
| 1/31/80 | 882 | $200.00 (4/2/80) | $1,044.88 |
| 2/29/80 | 925 | -0- | 190.95 |
| 3/11/80 | 911 | 0 | 516.22 |
| TOTAL | | | $1,752.05 |
| INTEREST: June, July, August 1980 | | | 93.60 |
| TOTAL DUE: | | | $1,845.65 |

This statement was also mailed without the knowledge or approval of Mr. Wells. Mr. Robinson testified that appellee had mailed similar statements to other customers but never included therein a claim to interest. Indeed, it was the company's policy and practice never to charge interest on its past-due accounts owing to a possibility that the company would suffer a competitive disadvantage thereby, for its competitors did not make such charges. In September and October 1980, appellee's attorney discussed the delinquent account with appellant. No claim to interest was made in those discussions. In January 1981, appellee mailed to appellant a statement of account which contained no claim to interest. In appellee's suit for debt, from which this appeal results, appellee claimed only the interest allowed by law.

The jury, in answer to special issues, found as follows:

1. Mr. Robinson had implied authority to charge interest on appellant's account.

* * * * * *

3. Appellee did not knowingly acquiesce in Mr. Robinson's charging interest to customers.

* * * * * *

5. Appellee charged appellant interest.

6. The amount of interest charged appellant was $93.60.

* * * * * *

8. Appellee did not intend to charge appellant interest.

9. The charging of interest by appellee was the result of an accidental and bona fide error by appellee, "bona fide" error being defined by the trial court's instruction to be a "clerical error, made unintentionally, despite the fact that due care has been taken to set up procedures to avoid it."

The jury's answers to special issues also established the amount of reasonable attorneys fees for appellant's attorney ($6,000.00, reduced by $1,500.00 if no appeal be taken to the Court of Appeals and reduced by an additional $1,500.00 if no appellate review be sought in the Supreme Court of Texas).

In the present appeal, the parties' controversy revolves around two matters: the bona fide error excuse allowed by art. 5069–1.06 and whether a creditor must intend to charge interest before he may become liable for the forfeitures authorized by that statute. Appellant contends the scope of the accidental and bona fide error exception does not include errors of the kind shown by the evidence adduced in the present case; hence, the jury's finding in answer to special issue number 9 is not supported by legally or factually sufficient evidence. Appellee rejoins that the judgment of the trial court must be affirmed because an intent to charge interest is an essential element of the statutory cause of action for forfeiture and appellant did not secure a jury finding establishing such intent; indeed, in answer to special issue number 8

the jury found appellant did not intend to charge appellant interest. Appellee contends in addition that the scope of the excuse allowed by the statute for "accidental and bona fide error" includes the kind of error shown by the evidence in the present case—Mr. Robinson's mailing to appellant, in violation of appellee's practice and policy, a notice that interest was being charged on appellant's account and mailing a subsequent "statement of account" which included an interest charge of $93.60 as part of appellant's debt.

The jury's answer to the special issues are difficult to comprehend. They find that Mr. Robinson possessed implied authority to charge interest on appellant's account; and they find that appellee did, in fact, charge appellant $93.60 in interest, which could only result from Mr. Robinson's authorized acts in mailing the "notice" or "statement of account." The jury also found, in contrast, that appellee did not knowingly acquiesce in Mr. Robinson's charging interest to customers, that appellee did not intend to charge appellant interest, and that the $93.60 in interest charged to appellant's account was the result of an accidental and bona fide error as defined by the trial court's instruction. The jury evidently intended to distinguish between Mr. Robinson's manifested or objective intent, as reflected on the "notice" and "statement of account," and his subjective intent not to receive interest, coupled with the company practice and policy not to charge interest on its accounts. We believe, however, that the controlling and only material findings in this respect are that appellee did charge appellant $93.60 in interest as the result of the acts of Mr. Robinson which were within his implied authority.

 Whether appellee intended to charge any interest at all is, in our view, equally immaterial. In *Cochran v. American Savings and Loan Ass'n of Houston*, 586 S.W.2d 849, 850 (Tex.1979), the court held that a creditor's intent to obtain usurious interest is immaterial, for the only material intent in usury cases is the "intent to make the bargain made." The court said in addition:

The subjective intent of the lender is irrelevant if, *in fact,* the lender has contracted for, charged or received interest on a loan in excess of the maximum permitted by law.

*Id.* (emphasis added). In the present case, the jury found, in a finding not challenged by appellee, that appellee in fact charged appellant $93.60 in interest. Moreover, we find in art. 5069–1.06 no room for a distinction between an intent to charge usury and an intent to charge interest, when the charge results from a unilateral act of the creditor, as it does here. In providing that statutory cause of action, the legislature did not require that intent be proved in order to recover the penalties authorized therein. To engraft upon the statutory cause of action the additional element of intent (outside the areas of contractual provisions for interest and accidental and bona fide error), would circumvent the regulatory purposes of the statute and the legislative intent behind it. Moreover, when such statutory causes of action are created by the legislature, they are governed strictly by the statute of their creation. We are, therefore, not free to engraft thereon any additional elements that may appear wise or expedient. *Texas Employment Comm'n v. International Union of E.R. & M. Workers*, 163 Tex. 135, 352 S.W.2d 252, 254–55 (Tex.1961) (under statute, review of commission's denial of unemployment compensation benefits not available except in court in county of claimant's residence; court must dismiss suit for review filed by non-residents of county); *Williams v. Back*, 624 S.W.2d 272, 275–76 (Tex.Civ.App.1981, no writ) (refusing to hold that actual notice that usury has been charged is necessary element of cause of action for usury). Therefore, we hold that where the interest charged results from a unilateral act of the creditor, an intent to make the charge is immaterial if in fact usurious interest has been charged under the objective facts and circumstances shown by the evidence. We turn then to whether the evidence supports the jury's findings of accidental and bona fide error.

■ Appellant contends the statutory excuse of "accidental and bona fide error" is available only when the evidence shows that the charge of usury results from ignorance of a material fact or from other unintentional mishaps in office practice or routine which may fairly be characterized as "clerical" errors. Appellant's interpretation would not, of course, include in the statutory exception any intentional actions taken under mistakes of law or judgment.

Appellee contends the scope of the statutory excuse is sufficiently broad to encompass instances where an authorized employee violates his employer's policy and practice and makes a charge of usury unilaterally as by including it in the "notice" and "statement of account" mailed to appellant in the present case.

Agreeing with appellant's interpretation, as we have characterized it above, we must sustain his point of error that there is no evidence to establish the kind of error contemplated by the statute. Mr. Robinson's authorized acts in mailing the "notice" and "statement of account" amounted to a charge of interest by appellee. *Williams v. Back, supra,* at 275; *Moore v. Sabine National Bank,* 527 S.W.2d 209, 211–13 (Tex. Civ.App.1975, writ ref'd n.r.e.); *Hagar v. Williams,* 593 S.W.2d 783, 788 (Tex.Civ.App. 1979, no writ). While the evidence establishes that Mr. Robinson's unilateral actions violated company practice and policy, it does not show that he was unaware of such practice and policy, nor does it show that he prepared and mailed the two items accidentally or in ignorance of any material fact whatever. *Cf., Tyra v. Bob Carroll Construction Co.,* 639 S.W.2d 690 (Tex.1982) (creditor's attorney, unaware that a petition signed and filed by him contained a claim for usurious interest, inserted in the petition by his secretary although no interest at all was claimed by the creditor client on its account records and in its invoices and demand letters, consistent with the creditor's practice and policy never to charge interest on past-due accounts). In the present case, the evidence does not show that Mr. Robinson labored under any mistake at all. The

evidence shows that his actions were intentional, although taken, perhaps in ignorance of the usury laws, a mistake which is not within the statutory exception. *Johns v. Jaeb,* 518 S.W.2d 857, 860 (Tex.Civ.App. 1974, no writ). Under the jury's finding of implied authority, Mr. Robinson's intentional actions are imputed to appellee itself.

■ We turn then to the matter of the penalties or forfeitures for which appellee is liable. In order to gain the right to open and close, appellant admitted that appellee was "entitled to recovery as set forth in its first amended petition [sic], except so far as it may be defeated" by any defense that appellant may establish at trial. We find in appellee's first amended (original) petition, which is in the form required for a suit on sworn account under Tex.R.Civ.P.Ann. 185 (1976), copies of the invoices that formed part of appellant's account with appellee. They include three invoices numbered 882, 925 and 911, each of which directs that payment be made according to the invoice because no statements would be sent. The terms of the sale are stated to be "Net Rec. On Invoice." We conclude that each invoice, within its four corners, requires that the amount stated therein be due and payable from the date of the invoice.

On June 16, 1980, the date of the "notice" mailed to appellant by Mr. Robinson, a portion of the amount shown on invoice 882 was due and payable as was the entirety of the amount shown on invoices 925 and 911. When we apply to the outstanding indebtedness the rate stated therein, for the period between June 1, 1980 and June 16, 1980, we find that the total interest charged by that notice is far less than the amount of interest allowed by law on the debt, because the interest charge commenced on June 1, 1980, and did not cover the entire period during which the debt had been due and payable. The statutory cause of action may not be predicated upon that charge of interest. Tex.Rev.Civ.Stat.Ann. art. 5069–1.-06(1).

In contrast, we find that the charge of $93.60, made in the September 9, 1980

"statement of account" mailed to appellant by Mr. Robinson, for interest for "June, July and August 1980," is in excess of that allowed by law on appellant's debt, calculated at six per cent per annum beginning 30 days after each component part became due and payable and allowing appellant credit for the $200.00 paid on April 2, 1980 and applied to invoice 882. We have determined by the following calculations that the interest "allowed by law" under arts. 5069–1.03 and 1.06 is $63.92:

| Invoice | Interest Begins | Principal Sums | Time | Lawful Interest |
|---|---|---|---|---|
| 882 | March 1, 1980 | $1,244.88 | 62 days | $ 14.88 |
| | | 1,044.88 | 160 days | 32.00 |
| 925 | March 29, 1980 | 190.95 | 164 days | 4.94 |
| 911 | April 10, 1980 | 516.22 | 152 days | 12.10 |
| Total | | | | $ 63.92 |

The $93.60 charged by appellee in the "statement of account" dated September 9, 1980 is thus *not* "in excess of double the amount of interest allowed" by Subtitle 1 of Title 79. Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 of that subtitle specifically directs that "six percent per annum shall be allowed on all accounts ... ascertaining the sum payable, commencing on the thirtieth (30th) day after the time when the sum is due and payable," and that formula produces a sum which is approximately two-thirds of the sum charged by appellee. We hold, therefore, that appellant is not entitled to the forfeiture of principal allowed under Tex. Rev.Civ.Stat.Ann. art. 5069–1.06(2); but appellant is entitled to the forfeiture of 20% of the principal sum of $1,952.05 from which the usurious interest was derived, which forfeiture amounts to $390.40, and entitled as well to the reasonable attorneys fees found by the jury. Tex.Rev.Civ.Stat. Ann. art. 5069–1.06(1).

We therefore conclude that the trial court should have awarded appellant, as an offset by counterclaim to the amounts recovered by appellee under its claim, the following sums:

| | |
|---|---|
| Forfeiture of principal | $ 390.40 |
| Attorneys fees | 6,000.00 |
| Total amount | $ 6,390.40 |

Although appellant has not challenged that part of the judgment awarding appellee its claim against appellant for $7,887.01, because that recovery and the part of the judgment appealed from are so interrelated, we will here reform and modify the entire judgment to provide what the trial court's judgment should have ordered. *Hamilton v. Prescott,* 73 Tex. 565, 11 S.W. 548, 549 (Tex.1889); Tex.R.Civ.P.Ann. 301, 302 (1977), and 435 (1967).

The judgment of the trial court is modified to provide that appellee recover from appellant the sum of $1,496.61, together with interest thereon at the rate of nine per cent per annum from May 13, 1981 until paid. Costs of suit are adjudged one-half against appellant and one-half against appellee. As modified, the judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

Appellant and appellee raise in their respective motions for rehearing several matters worthy of comment.

Appellant contends that we erred in our computation of "the amount of interest *allowed* by" Tex.Rev.Civ.Stat.Ann., Title 79, Subtitle 1. Tex.Rev.Civ.Stat.Ann. art. 5069–1.06(2) (1971) (emphasis added). By our computation, we determined the amount of interest which appellee legally could have charged under subtitle 1. We did so for the purpose of determining whether the amount of interest actually charged by appellee was "in excess of double" the amount "allowed" under the subtitle. In our computation, we applied the maximum legal rate under the subtitle to the amounts owed by appellant to appellee, for the period of time the various amounts were shown by the undisputed evidence to be past due. This is, of course, an application of the familiar formula that "interest"

is the product of multiplying the principal sum by the annual legal rate and by the period of time the principal was due and unpaid.

We determined by the foregoing that under Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 (Supp.1982), appellee was legally entitled or "allowed" to charge $63.92 in interest as of September 9, 1980, the date appellee charged $93.60 in interest on the amounts which comprised appellant's unpaid trade account debt. It is therefore obvious that the amount actually charged by appellee was *not* double the amount of interest legally allowed under the subtitle, at least under our computations. Accordingly, we refused to impose the additional penalty directed by art. 5069–1.06(2), that is, forfeiture of interest and all *other* charges made by appellee against appellant, including the principal sum of appellant's debt to appellee.

Appellant contends we computed the interest allowed by the subtitle over too long a period of time. He argues that we should not have computed the interest based upon the period of time the various sums were shown to be past-due under the undisputed evidence; rather, we should have computed the lawful amount of interest allowed by the subtitle based solely upon those months which appellee *actually purported* to charge interest on appellee's trade account debt, which was June, July, and August of 1980. Applying the highest permitted rate of interest over the shorter time period claimed to be proper by appellee, the interest actually charged by appellee would clearly be in excess of double the amount allowed by the subtitle and the additional statutory penalty would be applicable. Appellant cites the following decisions: *Houston Sash & Door v. Heaner,* 577 S.W.2d 217, 221 (Tex.1979); *Watson v. Cargill,* 573 S.W.2d 35 (Tex.Civ. App.1978, writ ref'd n.r.e.); *Hagar v. Williams,* 593 S.W.2d 783 (Tex.Civ.App.1979, no writ); *Flato Electric Supply Co. v. Grant,* 620 S.W.2d 915 (Tex.Civ.App.1981, writ ref'd n.r.e.); *Avia Jet Management v. Aeroplace Service,* 626 S.W.2d 325 (Tex.App. 1981, no writ); *PJM Inc. v. Walter Clark,* 624 S.W.2d 282 (Tex.App.1981, writ ref'd n.r.e.); and *Concrete Construction Supply Co. v. M.F.C., Inc.,* 636 S.W.2d 475 (Tex. App.1982, no writ).

These decisions in relevant part stand solely for the proposition that the term "amount of interest allowed" by the subtitle does not include: (1) interest which the creditor could have charged, but did not, on amounts which the debtor had *paid* before he was assessed the interest charge of which he complains; and (2) interest which the creditor could have charged *following* the date he assessed the interest charge of which the debtor complains. Neither circumstance applies in the present case.

We think the term "amount of interest allowed" by the subtitle means the amount of interest derived from applying the maximum lawful percentage rate allowed by the subtitle to the principal sums which were unpaid and owing on the date of the charge of which the debtor complains, for the period of time each component principal sum was due and owing. That is the formula we have applied in the present case and we can·imagine no clearer meaning of the term "the amount of interest allowed" by the subtitle. *Cf. Tanner Development Co. v. Ferguson,* 561 S.W.2d 777 (Tex.1977) (interest required to be "spread" over the term of the promissory note to determine whether the amount of interest charged is usurious). We overrule appellant's point of error.

Appellee, on its part, contends in its motion for rehearing that we erred in affirming the trial court's award of attorney's fees to appellant and in offsetting such award against the amount of attorney's fees awarded appellee by the trial court. Appellee asserts that we erred because appellant did not obtain a *net* recovery against appellee with regard to the principal amount of the latter's judgment, that is, the $390.00 statutory forfeiture recovered by appellant (20% of the principal amount of the debt) is *less* than the $1,887.01 which the trial court judgment awards to appellee as its trade account debt. Appellee contends that only the party who recovers a net sum under the trial court judgment is entitled to the attorney's fees authorized by Tex.Rev.Civ.Stat.Ann. art. 2226 (Supp.

1982). Appellee cites the decisions in *Jon-T Farms, Inc. v. Goodpasture, Inc.,* 554 S.W.2d 743 (Tex.Civ.App.1977, writ ref'd n.r.e.) and *L Q Motor Inns, Inc. v. Boysen,* 503 S.W.2d 411 (Tex.Civ.App.1973, writ ref'd n.r.e.).

■ These decisions interpret and apply art. 2226 in the context of a breach of contract case and do, of course, stand for the proposition that only the party obtaining a net recovery is entitled to judgment for the attorney's fees authorized by that statute. In the present case, however, appellant would require us to deny appellant the attorney's fees authorized by art. 5069–1.06, while affirming appellee's award of attorney's fees under art. 2226. We decline to do so. In *L Q Motor Inns v. Boysen, supra,* the Court said:

[t]he purpose of Article 2226 was to encourage the payment of small claims and to forestall their litigation.... [W]e believe the purpose of Article 2226 is still to encourage the settlement out of court of the enumerated types of claims when no bona fide controversy exists.

503 S.W.2d at 412. More precisely, the purpose of art. 2226 is to discourage debtors from refusing to pay small claims in anticipation that the cost of the litigation to the creditor, including attorney's fees, will discourage the creditor from pursuing even a just claim. This rationale does not apply, of course, where the debtor himself has a valid and greater claim against the creditor. *Id.* at 411.

It is uncertain whether the rule of *L Q Motor Inns* remains effective. *See* Figari, Graves & Gordon, *Texas Civil Procedure,* 36 Sw.L.J. 435, 468–69 (1982); *cf. Davis Masonry, Inc. v. B–F–W Construction Co., Inc.,* 622 S.W.2d 144 (Tex.Civ.App.1981), writ ref'd n.r.e., 639 S.W.2d 448 (Tex.1982) (contractor recovering against subcontractor for breach of contract claim is "prevailing party" entitled to attorney's fees under contract provision, even though subcontractor counterclaimed for sums due under the contract, and under trial court judgment contractor was held to owe a net amount to the subcontractor with regard to the principal sums in dispute, but the contractor obtained a net recovery when attorney's fees were added to the principal sums). In any event, we will not follow the rule advocated by appellee because we believe it contrary to the letter, spirit, and purpose of art. 5069–1.06, directing the creditor's forfeiture of twice the amount of excessive interest charged and reasonable attorney's fees without any proviso denying attorney's fees when the creditor's principal claim exceeds the forfeiture.

■ Without the statutory right to recover attorney's fees, we think it plain that most debtors would forego the litigation of just claims for the statutory forfeitures, owing to the fact that the amount likely to be recovered would not exceed the cost of litigation, a result manifestly not intended by the statute. This would encourage and certainly not discourage usury. The purpose of an award of attorney's fees under art. 5069–1.06 is to deter usury, a purpose which is equally applicable whether or not the creditor's recovery is greater in a particular case than the statutory forfeiture for usury. *Williams v. Back,* 624 S.W.2d 272 (Tex.App.1981, no writ). Appellee's point of error is overruled.

The remaining points in appellee's and appellant's respective motions for rehearing are overruled.