**SHAWNEE CONSTRUCTION, INC., Plaintiff,**

v.

**GIFFORD–HILL–AMERICAN, INC., Defendant.**

**Civ. A. No. 87–2639–S.**

United States District Court, D. Kansas.

May 4, 1990.

Scott A. Long, R.W. Miller, Stephen R. Miller, Miller and Bash, P.C., Overland Park, Kan., for plaintiff.

Matthew D. Keenan, Shook, Hardy & Bacon, Overland Park, Kan., George Bowles, Lori B. Finkelston, Locke, Purnell, Rain, Harrell, Dallas, Tex., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the cross-motions of the parties for summary judgment on Count II of plaintiff's complaint. This case arises out of a dispute concerning interest charges in connection with defendant Gifford–Hill–American, Inc.'s ("G–H–A") sale of pipe to plaintiff Shawnee Construction, Inc. ("Shawnee") for use in a construction project. On October 4, 1989, this court granted summary judgment for G–H–A on Count I of plaintiff's complaint. Count II of plaintiff's complaint, presently at issue on the parties' cross-motions, alleges that G–H–A charged interest for a period for which no interest was due, in violation of Texas usury statutes.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir. 1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

For purposes of the parties' cross summary judgment motions, the court finds the following facts to be undisputed.[1] Plaintiff, Shawnee Construction Inc., is a Kansas corporation engaged in the business of constructing water and sewer lines. At all times relevant to this matter, Gifford–Hill–American, Inc. was a Texas corporation engaged in the business of manufacturing concrete pressure pipe and fittings for use primarily in water mains. On or about October 29, 1984, G–H–A sent Shawnee a quotation for furnishing pipe to Shawnee for construction on a project in Dallas, Texas. The terms and conditions portion of the quotation provided for a "late payment finance charge equal to 1½% per month (equivalent to an annual percentage rate of 18% per annum)" on past due balances and that "interest shall begin to accrue 30 days from date of invoice." After receiving G–H–A's quotation, Shawnee sent a purchase order (No. 371–7000) to G–H–A for the purchase of materials for the project.

---

1. Defendant's supplemental brief in support of its motion for summary judgment on Count II of plaintiff's complaint does not contain a statement of facts section, as generally required by local rule, D.Kan. 206(c). Because defendant does not specifically controvert the statement of facts contained in plaintiff's cross-motion, the court will consider plaintiff's statement of facts to be admitted. D.Kan. 206(c).

On March 4, 10, and 17, 1986, G–H–A sent invoice nos. 7760, 7803 and 7897, respectively, to Shawnee reflecting purchases by Shawnee for $272.00, $314.00, and $2,706.00, respectively, for a sum of $3,362.00. In April 1986, two G–H–A employees traveled to Kansas City, Kansas to meet with Michael J. Bocelewatz of Shawnee. The G–H–A employees stated that G–H–A would charge Shawnee interest on past due amounts. At the April 1986 meeting, Shawnee representatives did not agree to pay the interest G–H–A might charge. On or about May 1, 1986, G–H–A sent invoice no. 8372 to Shawnee which stated "pay this amount" and listed interest accrued beginning on April 4, 1986 on a principal balance of $593,323.13. The principal balance set forth in the May 1, 1986 invoice included amounts G–H–A invoiced to Shawnee on March 4, 10, and 17, 1986.

Shawnee moves for summary judgment on Count II of its complaint on the grounds that by charging interest on the March invoices during the thirty-day interest-free period, G–H–A violated the Texas usury statute and is liable for various penalties under that statute. *See* Tex.Rev.Civ.Stat. Ann. art. 5069–1.06(1),(2) (Vernon 1987). In support of its position, Shawnee cites *Steve's Sash and Door Co. v. Ceco Corp.,* 751 S.W.2d 473 (Tex.1988) and *P.J.M., Inc. v. Walter Clark Advertising, Inc.,* 624 S.W.2d 282 (Tex.Ct.App.1981).

In response, G–H–A makes two major arguments. First, G–H–A argues that the court should look at interest charges over the entire period interest was due to determine whether the charges exceeded the maximum lawful rate, applying a "spreading technique" used by the Texas court in *Esparza v. Nolan Wells Communications, Inc.,* 653 S.W.2d 532 (Tex.Ct.App.1983). Second, G–H–A argues that even if the interest charges were usurious, G–H–A is exempt from the penalty provisions of the statute because any charges during the interest-free period were due to accidental or bona fide error. Tex.Civ.Stat.Ann. art. 5069–1.06; *P.J.M., Inc.,* 624 S.W.2d at 285.

Upon examination of the Texas authorities cited by the parties and in light of the undisputed facts as contained in this memorandum and order and in the court's memorandum and order of October 4, 1989, the court finds that defendant G–H–A's motion for summary judgment on Count II should be granted. The court finds that the *Esparza* case is on point. Both the creditor in *Esparza* and G–H–A at times did not charge interest that was due and on one occasion charged what, for that period alone, would have been a usurious rate of interest. However, in determining whether the interest charges taken as a whole exceeded the maximum amount allowed under Texas law, the *Esparza* court looked at the amount of interest due, and charged, during the entire period of time in which interest was due. 653 S.W.2d at 536–37. Applying this "spreading" concept to this case, the court finds that although the charge for the March invoices was itself usurious, *P.J.M., Inc.,* 624 S.W.2d at 284–85, the amount of interest charged for the entire period for which interest was due was not usurious, since that rate, as the court previously found in its October 4, 1989 memorandum and order was less than 10% (18% per annum being allowed under the terms of the quotation and under Texas law, *see* Tex.Stat.Ann. art. 1302–2.09 (Vernon 1989)).

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion for summary judgment on Count II of its complaint is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment on Count II of plaintiff's complaint is granted.