**James W. MOORE, D.D.S.,
M.S.D., Appellant,**

**v.**

**Hugh SEDIG d/b/a Snelling and
Snelling, Appellee.**

**No. 05–89–01179–CV.**

Court of Appeals of Texas,
Dallas.

May 8, 1990.

Rehearing Denied July 5, 1990.

Stephen R. Bishop, Dallas, for appellant.

Kent Frank Brooks, Dallas, for appellee.

Before ENOCH, C.J., and BISSETT[1] and CHADICK[2], JJ.

## OPINION

CHADICK, Justice.

This is an appeal in a nonjury case tried in Dallas County Court at Law No. 2. Mr. Hugh Sedig d/b/a Snelling and Snelling, an employment agency, as plaintiff, sued James W. Moore, D.D.S., M.S.D., as defendant. The suit was grounded upon a sworn account and alternatively *quantum meruit*. Mr. Sedig claimed Dr. Moore was indebted to him in the amount of $2,595.00 for personal services rendered in finding and referring an orthodontic chair-side assistant (nurse) to Dr. Moore whom the doctor eventually hired.

The basic dispute underlying the lawsuit is whether or not James W. Moore participated in the transaction between the parties as an individual or as an employee of James W. Moore, D.D.S., M.S.D., Inc., a professional corporation. By verified answer, Dr. Moore denied liability in his individual capacity for payment of the debt.

Following trial and judgment, the trial judge filed findings of fact and conclusions of law. TEX.R.CIV.P. 296. The court found as facts, the following:

1. JAMES W. MOORE, D.D.S., M.S.D., INC. is a corporation having its offices in Dallas County, Texas.

2. JAMES W. MOORE, D.D.S., M.S.D., is an employee of JAMES W. MOORE, D.D.S., M.S.D., INC.

3. JAMES W. MOORE, D.D.S., M.S.D., is individually liable to Plaintiff on the debt as a contracting party.

4. Defendant JAMES W. MOORE, D.D.S., M.S.D. advertised in the Southwestern Bell Telephone book as JAMES W. MOORE, D.D.S., M.S.D., and not in the corporate capacity of JAMES W. MOORE, D.D.S., M.S.D., INC. and Plaintiff relied upon such listing in contracting with Defendant.

5. Defendant JAMES W. MOORE, D.D.S., M.S.D., failed to disclose to Plaintiff that he was intending to contract with Plaintiff in a corporate capacity only and that he was not contracting with Plaintiff as an individual.

6. Defendant JAMES W. MOORE, D.D.S., M.S.D., contracted with Plaintiff for services in the placement of personnel for his dental practice.

7. Plaintiff reasonably believed it was dealing with Defendant JAMES W. MOORE, D.D.S., M.S.D., in his individual capacity and not as a corporation.

8. The debt is in the sum of Two Thousand Five Hundred Ninety–Two and No/100 Dollars ($2,592.00).

9. The sums due and owing on the account and charged by Plaintiff were reasonable in Dallas County, Texas for the services provided.

10. Plaintiff is entitled to recovery of reasonable attorney fees in the sum of One Thousand Eight Hundred Thirty–Five and No/100 Dollars ($1,835.00) plus its cost of court.

Ms. Pat Roberts, as a personnel counselor representing the Snelling and Snelling employment agency, made numerous "cold" telephone calls from a list of names and telephone numbers of dentists found in the Dallas telephone directory in an effort

---

1. The Honorable Gerald T. Bissett, Justice, Retired, Court of Appeals, Thirteenth District of Texas at Corpus Christi, sitting by assignment.

2. The Honorable T.C. Chadick, Justice, Retired, Supreme Court of Texas, sitting by assignment.

to find employment for the agency's nurse clients. One of her calls was answered by Linda Moore, wife of Dr. Moore and an employee of the professional corporation bearing the name James W. Moore, D.D.S., M.S.D., Inc. Ms. Roberts told Mrs. Moore the purpose of her call, the service the agency could provide, fee arrangements, and so forth. Mrs. Moore declined the proffered service at the time, saying she would try to find employees herself and save the fee.

In a follow-up a few days later, Ms. Roberts secured an interview with Dr. Moore for the agency's nurse client, Ms. Rebecca Cross. With the interview arranged, Ms. Roberts mailed the Dr. Moore office a letter confirming the referral of Ms. Cross to him and inserted an explanation of the agency's fees. Following Ms. Cross's interview with Dr. Moore, she began work on a trial basis, which matured into regular employment. Dr. Moore testified that he hired Rebecca Cross in his capacity as an operating officer of James W. Moore, D.D.S., M.S.D., Inc. and not in his individual capacity.

In evidence is a page from the "business pages" of the Dallas telephone directory which listed "Moore, James W., D.D.S., 2910 Broadway, Garland" and "Moore, James W., D.D.S., 2929 Galloway Avenue," also, a page from the "yellow pages" listed under dentistry, "Moore, James W., 2910 Broadway Blvd." These telephone book listings did not in any way indicate that the name listed or the phone number listed was that of a professional corporation. Ms. Roberts testified she did not know, or have any notice prior to or at the time the transaction was entered into, that the dentist James W. Moore, D.D.S., listed in the telephone directory, was a professional corporation. On a placement data card Ms. Roberts prepared was entered the name Dr. James W. Moore along with his street and city and address. Under cross-examination, she testified that she did not take the name of the prospect out of the telephone book, but entered the name as it was given to her by Mrs. Moore on her first call.

Evidence shows that the corporation James W. Moore, D.D.S., M.S.D., Inc. was chartered November 16, 1970, and is a viable corporation holding regular meetings of its shareholders and directors. The record shows that appellant James W. Moore, D.D.S., M.S.D. was an employee and officer of the corporation at all pertinent times. Dr. Moore has practiced dentistry, with a specialty in orthodontics, as an employee of his namesake corporation continuously since November of 1970.

Presenting and briefing thirteen points of error, Dr. Moore undertakes to show that the trial court erred in its findings of fact and judgment. To minimize repetition, these points will be grouped for discussion. Points of error two and four raise the issue that the record contains no evidence supporting the trial judge's findings of fact numbers three, four, five, six, and seven quoted above.

■ In determining a no evidence point, this Court must consider only the evidence supporting the challenged court finding. The evidence and inferences reasonably to be drawn from the facts proven must be viewed in the aspect most favorable to the finding. *King v. Bauer*, 688 S.W.2d 845, 846 (Tex.1985); *Behring v. Greater Houston Bank*, 662 S.W.2d 642, 648 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Corporate Personnel Consultants v. Wynn Oil Co.*, 543 S.W.2d 746, 748 (Tex.Civ.App.—Texarkana 1976, no writ); 4 R. McDonald Texas Civil Practice in District and County Courts § 16.05 (rev.1981).

Though it is apparent from the recital of the evidence that there is no conflict in the testimony of the different witnesses, examination shows that conflicting or inconsistent inferences may be drawn from the facts proven. In this instance, a determination of the facts must be made by the trial judge. Factual issues must be resolved by the fact finder when factual evidence is such that reasonable minds may differ as to the truth of controlling facts. *Woods v. Townsend*, 144 Tex. 594, 599–600, 192 S.W.2d 884, 886 (1946); *Joske v. Irvine*, 91 Tex. 574, 581, 44 S.W. 1059, 1062 (1898); *Lee v. International & G.N.R. Co.*, 89 Tex.

583, 589, 36 S.W. 63, 66 (1896); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX.L.REV. 361, 363 (1960). This rule finds frequent application in reviewing instructed verdicts and is also applicable when a reviewing court is required to determine whether or not a finding of fact by the trial judge in a nonjury case has support in the evidence. Dr. Moore's simple contention under his no evidence points is that, as between him and the employment agency, there is no evidence that he, in his individual capacity, employed Ms. Cross.

██ It is common knowledge that dentists and other professional people list themselves in the yellow pages of their local telephone directories to solicit or attract business and thereby offer to enter into a business relationship with the constituents of the general public. Thus, listing himself in the telephone book in his individual capacity implies a readiness on the part of Dr. Moore to do such business in an individual capacity as might be transacted by telephone or otherwise with a person that called upon him.

Dr. Moore's advertising, and its implied offer to do business relative to his profession, contains no notice or hint that the advertiser was a personal service corporation, rather than an individual person. An inference also arises from failure to list corporate status that Dr. Moore had reason to know that persons responding to his listing would expect to do business with him on an individual basis as advertised. The inferences arising from the listing constitute evidence supporting the challenged findings of fact and provide an evidentiary base from which the trial court could conclude that Dr. Moore "knew or had reason to know [Sedig] was attempting to contract with [him] in his individual capacity", and that he was liable on the contract in such capacity. Dr. Moore's points of error numbers two and four are overruled.

██ Dr. Moore also challenges the court's findings of fact numbers three, five, six, and eight on the grounds that each is contrary to the great weight and preponderance of the evidence. Point of error number three deals with the finding that Dr. Moore was individually liable on the debt. Point of error number five is concerned with the finding that Dr. Moore failed to disclose to the agency that he was intending to contract with it in his corporate capacity and not individually. Point of error number six pertains to the court's finding that the agency reasonably believed it was dealing with appellant in his individual capacity and not as a corporation. Point of error number eight puts in issue the finding that Mr. Sedig relied upon Dr. Moore's telephone book advertising.

In solving the issues as presented, all evidence in the record bearing upon great weight and preponderance must be considered. *In re King's Estate*, 150 Tex. 662, 664, 244 S.W.2d 660, 661 (1951); Calvert, *supra*, at 367–68.

Mr. Sedig's business solicitor testified that it was not the agency's policy to inquire whether a prospect was a corporation or not and it was a matter of indifference to her when she initially called the Moore office. Mr. Sedig was in the employment agency field undertaking to furnish the dentistry profession with qualified employees. This circumstance raises an inference that he knew dentistry was often practiced by licensed dentists as an employee of a namesake professional corporation. The fact that Dr. Moore had so practiced for approximately twenty years raises an inference that anyone with a special interest in transacting business with the dentistry profession in the Dallas area would probably have knowledge of, or reason to inquire whether, Dr. Moore practiced as an employee of a namesake corporation.

The fact that Mr. Sedig did not require his sales representative to inquire about, or treat as of importance, the corporate status of a prospective customer raises inferences that his failure to know in this instance was not reasonable and casts doubt upon a reasonable belief by him that he was dealing with an unincorporated professional. Dr. Moore's testimony that he hired Ms. Cross as a corporate employee is inconsistent with the implication of his telephone book listing. Counsel has not suggested

other or stronger inferences drawable from the evidence in this respect.

Having considered all the evidence, this Court is unable to say that the great weight and preponderance of the evidence shown by the record overwhelms the evidence supporting findings of fact numbers three, five, six, and eight to such an extent as to render judgment thereon unjust. Therefore, points of error numbers three, five, six, and eight are overruled.

Dr. Moore's points of error numbers one and seven ground trial court error on the theory that the evidence establishes as a matter of law that Dr. Moore was not liable for the debt in his individual capacity, because Mr. Sedig was dealing with an employee of Dr. Moore's professional corporation and not Dr. Moore individually, and therefore Mr. Sedig's belief, reasonable or otherwise, is immaterial to the issue of liability.

Previous discussion has demonstrated that factual issues were raised requiring the no evidence and great weight and preponderance points be overruled. Having previously determined the existence of facts necessary to such conclusions disposes of points one and seven, unless Mr. Sedig's belief, "reasonable or otherwise," is immaterial. Dr. Moore's brief cites no case authority upon the immateriality proposition and merely reargues that the inferences drawable from Mr. Sedig's business solicitor's testimony, that it was a matter of indifference to the agency whether a prospective customer was incorporated or not, shows as a matter of law Mr. Sedig had no reason to believe Dr. Moore acted in his individual capacity. Such evidence counters but does not invalidate or render unreasonable a valid belief and reliance claimed to result from Dr. Moore's telephone book listings. Neither does it render the belief immaterial. Points of error one and seven are overruled.

■ Dr. Moore's point of error number nine asserts that there is no evidence to support findings of fact eight and nine. Point of error number ten asserts also that findings eight and nine are contrary to the great weight and preponderance of the evidence.

To support his sworn account allegations, Mr. Sedig had the burden of proving value of services rendered by an agreement as to the fee or that the fee charged was reasonable, customary, or usual. *Avia Jet Management Corp. v. Aeroplace Service, Inc.*, 626 S.W.2d 325, 326 (Tex.Civ.App.—Tyler 1981, no writ); *Blue Bell, Inc. v. Isbell*, 545 S.W.2d 563, 565 (Tex.Civ.App.—El Paso 1976, no writ); *Opryshek v. McKesson & Robbins, Inc.*, 367 S.W.2d 357, 358 (Tex.Civ.App.—Dallas 1963, no writ); *see also* 36 Tex.Jur.3d *Evidence* § 617 (1984).

The record shows the parties entered into the transaction in Dallas County, Texas. Dr. Moore was mailed a fee schedule when Ms. Cross was referred to him. The fee for service was to be a percentage of the salary paid. Mr. Sedig was offered as a witness to establish the value of the service. On direct examination, Mr. Sedig testified as follows:

Q. Could you calculate for us based on your schedule what the fee would be based upon $1,250 a month rather than $1,350 a month? *What would the fee due be?*

A. Twenty-two fifty.

Q. $2,250? Would you accept that in lieu of the $2,592? *Would that seem reasonable to you if that is, in fact, what she was paid per month?*

A. If he said this is the thing we figured from his wife told our counsel, and he says $1,250. [sic]

Q. *That's okay?*

A. *Yes, sir.*

(Emphasis added.) It is in evidence that Dr. Moore's office first declined the services offered by the agency, saying it preferred to save the fee, but thereafter agreed to have a nurse referred to the office whom the doctor later employed.

From the mentioned evidence and the record as a whole, a series of inferences supporting the finding may be deduced. By their action the parties impliedly agreed to the value of the services and in addition there is evidence that the fee was reason-

able. It must be concluded that there is evidence supporting the finding and that the findings are not contrary to the great weight and preponderance of all the evidence. Points of error nine and ten are overruled.

Points of error numbers eleven and twelve will not be discussed as they pertain to *quantum meruit* exclusively. Judgment herein may be based upon a contract, and *quantum meruit* issues are therefore immaterial. *See City of Wichita Falls v. Long,* 167 S.W.2d 792, 793–94 (Tex.Civ. App.—Fort Worth 1942), *aff'd,* 142 Tex. 202, 176 S.W.2d 936 (1944). Point of error number thirteen asserts that there is no evidence to establish that Mr. Sedig operated as a duly licensed personnel service and is entitled to charge and recover fees for services of that nature.

Under this point it is argued that the record shows Mr. Sedig failed to produce any evidence that at pertinent times he had a valid certificate of authority issued under the provisions of article 5221a–7, section 7 of the Texas Revised Civil Statutes to operate a personnel service agency. TEX.REV.CIV.STAT.ANN. art. 5221a–7, § 7 (Vernon 1964).

It was necessary for Dr. Moore to affirmatively set forth in his trial pleading absence of a license or any other matter constituting an avoidance or affirmative defense. TEX.R.CIV.P. 94. Dr. Moore did not so plead and the record contains no evidence that Mr. Sedig was or was not operating under a certificate of authority or license issued pursuant to article 5221a–7, section 7. Failure to plead an affirmative defense operates as a waiver of the defense. *Forest Lane Porsche Audi Associates v. G. & K Services, Inc.,* 717 S.W.2d 470, 474 (Tex.App.—Fort Worth 1986, no writ). Such waiver clearly occurred. Point of error number thirteen is overruled.

Having reached the conclusion that reversible error is not established, the judgment of the trial court is affirmed.