**Ronald D. KARG, et al., Appellants,**

v.

**Earl B. STRICKLAND, III, et al., Appellees.**

**No. 13–94–144–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 8, 1996.

Gary Henrichson, Edinburg, for appellants.

Darrell Davis, King, Guerra & Davis, Mission, Phil Harris, Weslaco, for appellees.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

This is a usury case. By three points of error, appellants contend that the trial court erred in granting appellees' motion for summary judgment. We reverse and remand.

On June 3, 1989, Earl B. Strickland III, executor and trustee of the Bernadeen K. Strickland Estate, Robin Strickland, and Bennie C. Strickland ("Stricklands") executed a $100,000 promissory note. The note was payable to Jack F. Karg and Ronald D. Karg ("Kargs") as trustees of the Karg Management Trust. According to the terms of the note, interest accrued at the rate of ten percent (10%) per annum and the note was to be paid in 120 monthly installments of $1074.61. Interest on matured, unpaid

amounts accrued at the rate of eighteen percent (18%) per annum.

Payments were late on a regular basis and in August 1991, after ongoing conflict between the parties concerning overdue payments, the Stricklands requested a payoff amount. On September 9, 1991, when another payment was overdue and no payoff was forthcoming, the Kargs notified the Stricklands that they were in default. At that time, the Kargs accelerated the note and declared the unpaid principal balance of $93,-324.54 to be immediately due. In addition, the Kargs demanded $6,677.02 for interest which they claimed had accrued on late payments from August 1989 through the date of the letter. The Kargs calculated this interest by taking ten percent of the unpaid principal balance and then dividing that amount by 362 days.[1] The daily interest amount of $25.78 was demanded for the 259 days that payments were late.[2]

The Stricklands disputed the amount demanded and asserted that the proper daily interest amount was $0.54. The Stricklands argued that the interest rate for late payments was eighteen percent (18%) on matured, unpaid amounts, and that the matured, unpaid amount was the monthly payment of $1,074.61.[3] When the Kargs refused to adjust the figures, the Stricklands filed suit claiming that the interest demanded by the Kargs was in excess of the maximum rate allowed by Texas law. The Kargs counterclaimed for the full amount of the unpaid principal, for any interest due, and for foreclosure of the property that secured the note. The Kargs eventually stipulated that the interest demanded was more than twice the maximum amount allowed by law. The Stricklands then moved for summary judgment.

Relying on a savings clause in the promissory note, the Kargs responded that from the outset of the transaction there was no intent to charge usurious interest and that the amount demanded was the result of a bona fide error in calculations. The savings clause states, in relevant part, as follows:

Interest on the debt evidenced by this note shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded.... This provision overrides other provisions in this and all other instruments concerning the debt.

On October 29, 1993, the trial court granted the Stricklands' motion for summary judgment. The trial court awarded the Stricklands three times the amount of the demanded interest and cancelled the entire debt. Tex.Rev.Civ.Stat.Ann. art. 5069–1.06 (Vernon 1987). On April 6, 1994, the trial court severed the Kargs' counterclaim. This appeal followed.

By their second point of error, the Kargs complain that the trial court erred by failing to acknowledge the defense of bona fide and unintentional error. The Kargs contend that this case resulted from a mistake in the calculation of interest due as a result of computation by an inexperienced layman who believed the amount demanded was appropriate.

 In order to sustain a summary judgment, we must determine that the pleadings and summary judgment evidence establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *McFadden v. American United Life Ins. Co.*, 658 S.W.2d 147, 148 (Tex.1983). We accept all evidence favorable to the non-movant as true, indulge the non-movant with every favorable reasonable inference, and resolve any doubt in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex. 1985). Once the movant establishes that he is entitled to summary judgment by conclusively proving all essential elements of his cause of action, the burden shifts to the non-movant. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex.1989); *Neuhaus v. Richards*, 846

---

1. $93,324.54 × 10% = $9,332.45 ÷ 362 = $25.78.

2. $25.78 × 259 = $6,677.02.

3. $1,074.61 × 18% = $193.43 ÷ 360 = $0.54.

S.W.2d 70, 77 (Tex.App.—Corpus Christi 1992, writ dism'd judgm't cor.). If the non-movant relies on an affirmative defense, he must produce summary judgment proof raising a fact issue on each element of the claimed defense to avoid summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984); *Neuhaus*, 846 S.W.2d at 77.

■ Contracting for, charging, or receiving interest greater than the maximum amount allowed by law is usury. TEX.REV. CIV.STAT.ANN. art. 5069–1.06 (Vernon 1987). Demand letters can be charges within the meaning of the statute. *Woodcrest Assoc. v. Commonwealth Mortgage Corp.*, 775 S.W.2d 434, 437 (Tex.App.—Dallas 1989, writ denied).

■ The Kargs stipulated that the interest demanded in the letter was more than twice the maximum amount allowed by law. Thus, by its terms, the demand letter was usurious. However, article 5069–1.06 further states that "[t]here shall be no penalty for any usurious interest which results from an accidental and bona fide error." TEX.REV.CIV. STAT.ANN. art. 5069–1.06. Therefore, the Kargs' stipulation did not preclude them from asserting the defense of accidental and bona fide error. In order to avoid summary judgment, however, the Kargs needed to produce summary judgment proof raising a fact issue on each element of the defense.

■ The defense of accidental and bona fide error is available only when the evidence shows that the charge of usury results from ignorance of a material fact or from other unintentional mishaps in office practice or routine which may fairly be characterized as "clerical" errors. *Commerce, Crowdus & Canton v. DKS Const.*, 776 S.W.2d 615, 619 (Tex.App.—Dallas 1989, no writ); *Esparza v. Nolan Wells Communications, Inc.*, 653 S.W.2d 532, 536 (Tex.App.—Austin 1983, no writ).

■ The Kargs contend that the usurious interest was a result of a calculation error. They argue that they did not know the appropriate formula to determine the amount of interest due and that they chose and applied the wrong formula.

According to the promissory note, if the Stricklands defaulted on the loan, the Kargs had the right to declare the unpaid principal amount and earned interest immediately due. The evidence shows that if the Stricklands failed to pay the August 1, 1991 payment, then the unpaid principal amount was $93,-324.54.[4] The Kargs correctly determined that interest accrued on the unpaid principal amount at the rate of ten percent (10%) per annum. However, they failed to realize 1) that interest accrued on late payments at a different rate and 2) that the interest was only charged on the amount of the late payment. We find this to be some evidence that the errors resulted from the Kargs' ignorance of material facts.

We hold that the Kargs produced sufficient summary judgment proof raising a fact issue on the claimed defense of accidental and bona fide error. We hold that the trial court erred in granting the Stricklands' motion for summary judgment. We sustain appellants' second point of error.

Due to our disposition of appellants' second point of error, we need not address the remaining two points of error. TEX.R.APP.P. 90(a).

We REVERSE the trial court's summary judgment and REMAND the case to the trial court for further proceedings.

---

4. We note that the parties dispute whether any payments were late and whether the Stricklands were in default at the time of the demand.