IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00320-CR

 

Christian Reinhard,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 13th District Court

Navarro County, Texas

Trial Court No. 28,970

 



MEMORANDUM  Opinion



 

Appellant Christian Reinhard was indicted on one
count of aggravated sexual assault of a child, M.  A jury found Reinhard
guilty, and after he pled true to an enhancement paragraph alleging a prior
felony conviction of aggravated sexual assault, the trial court sentenced
Reinhard to life imprisonment.  In two issues, he complains of the admission of
extraneous offense evidence and the factual sufficiency of the evidence.  We
will affirm.

Sufficiency of the Evidence

          We will first address Reinhard’s
second issue, which generally challenges the sufficiency of the evidence. 
Because Reinhard seeks a reversal of his conviction and a remand for a new
trial, we will treat his sufficiency challenge as a challenge to the factual
sufficiency of the evidence.

In a factual-sufficiency review, we view all of the evidence in
a neutral light and consider only whether a jury was rationally justified in
finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d
477, 484 (Tex. Crim. App. 2004).  However, there are two ways in which the
evidence may be insufficient.  Id.  First, when considered by itself,
evidence supporting the verdict may be too weak to support the finding of guilt
beyond a reasonable doubt.  Id.  Second, there may be both evidence
supporting the verdict and evidence contrary to the verdict.  Id. 
Weighing all the evidence under this balancing scale, the contrary evidence may
be strong enough that the beyond-a-reasonable-doubt standard could not have
been met, so the guilty verdict should not stand.  Id. at 485.  This
standard acknowledges that evidence of guilt can preponderate in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.  Id.  Stated another way, evidence supporting guilt
can outweigh the contrary proof and still be factually insufficient under a
beyond-a-reasonable-doubt standard.  Id.

Zuniga also reminds us that we must defer to the jury’s determination.  See
id. at 481. (citing Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997)).  The jury determines the credibility of the witnesses and may
“believe all, some, or none of the testimony.”  Chambers v. State, 805
S.W.2d 459, 461 (Tex. Crim. App. 1991).  It is the jury that accepts or rejects
reasonably equal competing theories of a case.  Goodman v. State, 66
S.W.3d 283, 285 (Tex. Crim. App. 2001).  The evidence is not factually
insufficient merely because the factfinder resolved conflicting views of
evidence in favor of the State.  Cain, 958 S.W.2d at 410.

Reinhard was indicted for the felony offense of
intentionally or knowingly causing the penetration of the sexual organ of M., a
child under the age of fourteen and not his spouse, with his sexual organ.  See
Tex. Pen. Code Ann. §
22.021(a)(1)(B)(i) (Vernon 2003 & Supp. 2004-05).  M. testified that
Reinhard began having sexual contact with her when she was eleven or twelve
years old, and it escalated from digital penetration to oral sex, and finally
to sexual intercourse when she was younger than fourteen.  

In 1999, when she was thirteen, Reinhard began
having sexual intercourse with her in which his sexual organ penetrated her
sexual organ.  She testified several other times that the intercourse occurred
before she was fourteen, but on cross-examination, in a series of confusing
questions and answers, M. appeared to testify that intercourse with penetration
did not begin until the summer of 2000, after she had turned fourteen. 
However, on redirect examination, she remembered that she was thirteen when
intercourse with penetration began because she recalled that on the night of
New Year’s Eve 1999, she told a friend about the sexual intercourse.  And on
recross-examination, she firmly reiterated that intercourse began in 1999, when
she was thirteen.

Considering all of the evidence in a neutral
light, we find that the jury was rationally justified in finding Reinhard
guilty.  Zuniga, 144 S.W.3d at 484.  The evidence supporting the finding
of guilt, considered alone, was not too weak to support the finding beyond a
reasonable doubt, and the contrary evidence was not so strong that guilt could not
be proved beyond a reasonable doubt.  See id. at 484-85.  It was the
jury’s role to determine M.’s inconsistent testimony on cross-examination,
which was clarified on redirect examination.  We defer to the jury’s
determination of the credibility of the witnesses, and we may not ignore
evidence that supports the jury’s verdict.  Johnson v. State, 23 S.W.3d 1,
7 (Tex. Crim. App. 2000); Cain, 958 S.W.2d at 407.  The evidence was
factually sufficient, and we overrule Reinhard’s second issue.

Extraneous Offense Evidence

          In his first issue, Reinhard complains
that fundamental error occurred when unobjected-to extraneous offense evidence
was elicited from M. by defense counsel, as follows:

Q.      In detail you told her [M.’s mother]
what happened, or just that you and Chris had an argument?

 

A.      I had told her that Chris had done
something to me that he had done to the previous girls that he molested.

 

Q.      So you pretty much clued her in and told
her everything that happened.

 

A.      Pretty much.  I just, I didn’t give her
details.  I just told her that he had done to me what he had done to the other
girls.

 

Reinhard did not object to this
testimony, which arguably was invited, nor did he request an instruction to
disregard or move for a mistrial, either of which was essential to preserve a
complaint.  Young v. State, 137 S.W.3d 65, 69-70 (Tex. Crim. App. 2004).   Reinhard has not preserved his first issue for appellate
review.  See id.; Tex. R.
Evid. 103(a)(1); Tex. R. App. P.
33.1(a); Chambers v. State, 903 S.W.2d 21, 31-32 (Tex. Crim. App. 1995);
Grider v. State, 69 S.W.3d 681, 686 (Tex. App.—Texarkana 2002, no pet.);
Gregory v. State, 56 S.W.3d 164, 175-76 (Tex. App.—Houston [14th Dist.]
2001, pet. dism’d, improvidently granted); see also Martinez v. State,
98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (pretrial motion in limine does not
preserve complaint).

Acknowledging the failure to
complain in the trial court, Reinhard thus urges that the testimony constituted
fundamental error that could be raised for the first time on appeal.  See
Tex. R. Evid. 103(d).  The Court
of Criminal Appeals has identified a limited number of errors in three
categories that are considered “fundamental.”  They are (1) the denial of
absolute, systemic requirements, (2) the violation of rights that are waivable
only, and (3) errors recognized by the legislature as fundamental.  See
Saldano v. State, 70 S.W.3d 873, 887-88 (Tex. Crim. App. 2002) (citing Marin
v. State, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993)).  In Saldano,
the Court enumerated the following “fundamental errors”:  absence of
jurisdiction over the person of the defendant; absence of subject-matter
jurisdiction; prosecution under an ex post facto law; denial of the right to
counsel; denial of the right to a jury trial; denial of 10 days’ preparation
before trial for appointed counsel; holding trials at a location other than the
county seat; comments by a trial judge that taint the presumption of innocence;
and jury charge errors resulting in egregious harm.  See id. at 887-89.

Because the nonresponsive testimony
does not amount to fundamental error, we overrule Reinhard’s first issue.

Conclusion

          Having overruled Reinhard’s two
issues, we affirm the trial court’s judgment.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed October 26, 2005

Do
not publish

[CRPM]








 






ust be treated as an inseparable whole, we likewise remand the remaining causes of actions to
the trial court without any instructions. See Tex. R. App. P. 81(b)(1); Cochran v. American Sav.
& Loan Ass'n, 586 S.W.2d 849, 850 (Tex. 1979).
      We do not discuss any authority cited by the parties because it pertains only to the merits of
the summary judgment.
 
                                                                                     BOB L. THOMAS
                                                                                     Chief Justice
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
(Justice Vance dissenting)
Reversed and remanded
Opinion delivered and filed August 4, 1993
Publish